NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7127

INGRID H. BROWN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.


Ingrid H. Brown, of Elizabethtown, Kentucky, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr. Assistant Director.  Of counsel on the brief were David R. McLenachen, Deputy Assistant General Counsel, and Christa A. Childers, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7127

INGRID H. BROWN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 06-1017, Judge Ronald M. Holdaway.

_____

DECIDED: December 3, 2008

_____

Before NEWMAN, PLAGER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

Mrs. Ingrid H. Brown appeals the decision of the United States Court of Appeals for Veterans Claims, affirming the Board of Veterans' Appeals decision denying her claim of service connection for the cause of her husband's death. <u>Brown v. Peake</u>, No. 06-1017 (Ct. Vet. App. May 30, 2008). We dismiss for lack of jurisdiction.

BACKGROUND

Mrs. Brown's spouse Mr. Johnny M. Brown served on active duty in the United States Army from October 1959 to March 1990. In December 1990 the regional office denied Mr. Brown's claim for service connection for heart disease. Mr. Brown died on July 14, 1999; the cause of death stated on the death certificate is cardiac arrhythmia.

In February 2001 Mrs. Brown filed a claim for dependency and indemnity compensation (DIC) benefits, claiming that Mr. Brown's death was a result of his military service. The regional office conducted a hearing on April 24, 2002, and on October 9, 2002 denied the claim. Mrs. Brown appealed to the Board of Veterans Appeals. On December 16, 2003 the Board found "because [Mrs. Brown's] claim is here limited to the hypothetical entitlement to a total rating at the time of the veteran's death, her claim of entitlement to compensation under 38 U.S.C.A. Section 1318 is denied." The Board, however, remanded the case for further development because "the medical opinion of record is inadequate as it was not performed by a physician and does not speak to the cause of the veteran's death or various contentions of [Mrs. Brown] with respect to the veteran's development of herbicide-exposure related illnesses."

The record shows that the Board conducted a videoconference hearing on October 28, 2004. Both Mrs. Brown and her legal representative testified at the hearing. On March 1, 2005 the Board issued a second remand, reciting: "[i]ncomplete development of the medical evidence in accordance with the Board's December 2003 remand order" and "[i]ncomplete medical opinion report." The Board gave detailed instructions to the regional office explaining the evidence and medical opinions needed to properly evaluate Mrs. Brown's DIC claim. On September 15, 2005 upon obtaining and assessing additional

evidence including an opinion from a VA Endocrinology examiner dated May 11, 2005 and an opinion from a VA Cardiology examiner dated July 5, 2005, the regional office denied Mrs. Brown's DIC claim. She again appealed to the Board.

The Board issued an opinion denying Mrs. Brown's DIC claim on March 7, 2006. The Board reviewed the record and made the following findings:

- Mr. Brown's service-connected disabilities have not been found to have caused or been related in any way to Mr. Brown's cause of death which is cardiac arrhythmia;

- Diabetes mellitus has not been shown in Mr. Brown's medical history, and service connection of the cause of death based on diabetes mellitus cannot be established;

- Hypertension and heart disease were not shown in service, and both have been found to be unrelated to Mr. Brown's cause of death;

- Acute pancreatitis has not been shown to have a causal link to Mr. Brown's death because the record shows that the pancreatitis occurred in 1996 from which Mr. Brown fully recovered;

- Hypothyroidism, sinus bradycardia, Agent Orange exposure, cholesterol levels, and triglyceride levels were ruled out by the regional office as causes of Mr. Brown's death or as conditions leading to the cause of death;

- VA satisfied its duty to inform and assist Mrs. Brown.

The Board accordingly affirmed the denial of the DIC claim, concluding that the preponderance of the evidence weighs against the claim.

The Veterans Court affirmed. The Veterans Court found that "[t]he Board reviewed all of the medical evidence of record, including the death certificate, private and VA medical records, and opinions regarding the possible etiology of the cause of the veteran's death[,]" that the Board's findings are not clearly erroneous, and that "the Board provided an adequate explanation of the reasons or bases for its decision." The Veterans Court also found that the record lacks any evidence showing ineffective representation or lack of opportunity for Mrs. Brown to present her case. Mrs. Brown appeals to this court.

DISCUSSION

Under 38 U.S.C. §7292(a), this court reviews "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. §7292(d)(2). However, "we do have jurisdiction to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute, that is, whether there is an error of law." Szemraj v. Principi, 357 F.3d 1370, 1375 (Fed. Cir. 2004). "Even where factual disputes may remain, we have authority to decide whether the Veterans Court applied the correct legal standard." Lamour v. Peake, 544 F.3d 1317, 1321 (Fed. Cir. 2008).

The record shows no constitutional violation, no absence of due process, and no error of law, in the proceedings and evaluation of the evidence. Mrs. Brown does not argue, and the record does not show, that the Veterans Court committed legal error in affirming the denial of her DIC claim. Mrs. Brown's criticism of her pro bono legal representative, and other matters, do not affect this result. We therefore must dismiss Mrs. Brown's appeal for lack of jurisdiction.

No costs.