**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHANNON COX,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF
　　TRANSPORTATION,
　　　　　　Agency.

DOCKET NUMBER
DA-0752-18-0173-I-2

DATE: June 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Forasiepi</u>, Esquire, Dallas, Texas, for the appellant.

<u>Beau S. Bruhwiler</u>, Esquire, Oklahoma City, Oklahoma, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his demotion and suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to recognize that the personnel management system of the Federal Aviation Administration (FAA) applies to this appeal and to correct the analysis of the appellant's affirmative defenses of whistleblower retaliation and status-based disability discrimination, we AFFIRM the initial decision.

## BACKGROUND

¶2  The appellant was a Painter Job Leader with the agency's FAA. Initial Appeal File (IAF) Tab 5 at 110. This appeal stems from an incident involving the appellant and a coworker. The appellant was not this coworker's supervisor, and was not a management official, but was a higher-level employee compared to this coworker. Hearing Transcript (HT) at 10-11 (testimony of the Division Manager). As alleged by this coworker, after the coworker left work for the day on September 19, 2017, the appellant drove past him in the opposite direction, leaned out of his car with his cellphone, and appeared to take photos or videos of the coworker with his phone. HT at 13-14 (testimony of the Division Manager); IAF, Tab 5 at 87. The coworker immediately returned to the agency facility to report this incident to management, which took place at approximately 3:05 p.m. HT at 14-15 (testimony of the Division Manager); IAF, Tab 5 at 62, 87.

¶3     The agency investigated the allegations. IAF, Tab 5 at 73-74. According to the investigation report, the appellant logged off his computer at 2:52 p.m. and logged back on at 3:11 p.m. on the day in question.[2] *Id.* at 93-94; HT at 139-40, 165-66 (testimony of the Special Agent assigned to the investigation). The investigation further found images of an individual appearing to be the appellant leaving the building at 2:55 p.m. on the date of the incident, and returning at 3:09 p.m. IAF, Tab 5 at 54-55, 73-74, Tab 27 at 4, 18; HT at 158, 160 (testimony of the Special Agent). Finally, the investigation discovered footage of a vehicle belonging to the appellant's wife, who worked at the same location, driving out of the facility parking lot at 2:55 p.m., entering the street at 3:00 p.m., and reentering the parking lot at approximately 3:07 p.m. IAF, Tab 5 at 73-74, Tab 27 at 5-17; HT at 150-58 (testimony of the Special Agent).

¶4     Following the incident, on at least two occasions, the appellant denied that he left the facility during the time in question when his supervisor asked him about his coworker's allegations.[3] IAF, Tab 5 at 85, 89; HT at 232-33, 245-53 (testimony of the deciding official). After the appellant's supervisor advised him of the agency's video and computer evidence, the appellant stated that, in essence, he did not know if he left the facility. IAF, Tab 5 at 63, 69-71; HT at 257-60 (testimony of the deciding official). In submitting his time and attendance information for the date in question, the appellant indicated that he had been working during the incident. IAF, Tab 5 at 96-97. He also filed a complaint with the agency's Accountability Board alleging that his coworker's allegations regarding the September 19, 2017 incident were false. *Id.* at 99-101.

¶5     Effective January 14, 2018, the agency suspended the appellant for 7 days and demoted him to the position of Paint Worker based on the charges of conduct unbecoming and providing inaccurate information. *Id.* at 39-46, 52-53, 62-67.

---

[2] We have rounded off the agency's time stamps, reflected in seconds, to the nearest minute.

[3] The appellant's supervisor served as both the proposing and deciding official. IAF, Tab 5 at 58, 62.

The appellant filed an appeal to the Board. IAF, Tab 1. He alleged that the agency improperly sustained the charges and asserted that the agency's action was the result of disability discrimination and whistleblower retaliation. *Id*. at 2.

¶6    Following the conclusion of the hearing, the administrative judge issued an initial decision affirming the agency's action. Refiled Appeal File (RAF), Tab 6, Initial Decision (ID) at 1. She determined that the agency proved the charges. ID at 3-12. She then found that the appellant failed to prove his affirmative defenses of whistleblower retaliation, status-based disability discrimination, and failure to accommodate his disabilities. ID at 13-17.

¶7    The administrative judge found a nexus between the charged conduct and the appellant's coworker's performance, as well as the agency's trust and confidence in the appellant. ID at 17. She found that the agency considered the relevant mitigating and aggravating factors, and that the agency's chosen penalty was within the tolerable limits of reasonableness. ID at 18-19. Therefore, she found that the penalty of a demotion and suspension was reasonable and promoted the efficiency of the service. ID at 17. The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 5, 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board has jurisdiction over this appeal under 49 U.S.C. § 40122(g)(3).</u>

¶8    The administrative judge here held that the Board has jurisdiction over this appeal under 5 U.S.C. §§ 7511-7513. ID at 1. It is undisputed that the appellant is an employee of the FAA. IAF, Tab 5 at 39, 41, 110. Therefore, the Board's jurisdiction over this appeal arises under 49 U.S.C. § 40122(g)(3), and not under chapter 75. *See Roche v. Merit Systems Protection Board*, 596 F.3d 1375, 1378-79 (Fed. Cir. 2010) (discussing the relationship between these statutes). Nonetheless, an FAA "employee," as defined by 5 U.S.C. § 7511(a)(1), may appeal an adverse "action," as defined in 5 U.S.C. § 7512, to the Board. *Id*. at 1379-83; *see Miller v. Department of Homeland Security*, 111 M.S.P.R.

325, ¶ 17 (2009) (observing that, under 49 U.S.C. 40122(g)(3), a non-screener employee of the Transportation Security Administration may appeal a reduction in grade or pay to the Board), *aff'd per curiam*, 361 F. App'x 134 (Fed. Cir. 2010). The record reflects that the appellant is an employee under 5 U.S.C. § 7511(a)(1)(C) as a non-preference eligible appointee in the excepted service who completed 2 years of service in his position. IAF, Tab 5 at 39, 110. The record further reflects that the agency reduced him in grade and pay.[4] IAF, Tab 1 at 2, Tab 5 at 35. Accordingly, we have jurisdiction over this appeal. Because we ultimately have jurisdiction over this appeal and, as set forth below, we agree with the administrative judge's conclusions, any error was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The administrative judge correctly found that the agency proved its charges by preponderant evidence.</u>

> *The administrative judge correctly found that the agency proved its charge of conduct unbecoming by preponderant evidence.*

¶9      The appellant argues on review that the administrative judge erred in failing to credit his explanation of the events of September 19, 2017. PFR File, Tab 5 at 11-12. He also argues that, even if he engaged in the conduct as alleged by the agency, his conduct was not unbecoming and did not violate any agency policies. *Id.* at 12-13. The administrative judge found that preponderant evidence supported a finding that the appellant engaged in the conduct as described by the agency, and that this behavior constituted conduct unbecoming of a Paint Job Leader. ID at 11. We agree with the administrative judge.

---

[4] Although a suspension of less than 15 days is ordinarily not appealable to the Board, the Board has jurisdiction over such a non-appealable action when, as here, it is combined with an appealable action in one unified penalty. *See* 5 U.S.C. § 7512(3)-(4) (identifying reductions in grade or pay as appealable adverse actions); *see also White v. Government Printing Office*, 108 M.S.P.R. 355, ¶ 3 & n.1 (2008) (finding jurisdiction when an appellant was issued a demotion combined with a 14-day suspension).

¶10     Generally, in an adverse action appeal, an agency must prove its charge by a preponderance of the evidence. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012). The charge of "conduct unbecoming" has no specific elements of proof; rather, it is established by proving that the appellant committed the acts of misconduct alleged in support of the broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). The agency charged the appellant with leaving the FAA facility during his shift, driving past his coworker, who had left work for the day, and leaning out the window of his vehicle with his cell phone while appearing to take pictures or video of the coworker. IAF, Tab 5 at 62.

¶11     To the extent the appellant argues that the agency failed to prove that he violated agency policy, recorded his coworker on his cell phone, or had access to his wife's vehicle, these facts were not alleged in the agency's charge. PFR File, Tab 5 at 10-13; IAF, Tab 5 at 52-53, 62-67; *see Canada*, 113 M.S.P.R. 509, ¶ 9; *see also Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 7 (2016) (explaining that the Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency). To the extent he argues that "[t]aking photographs or video of another individual on a public street" is not unbecoming, we disagree. Under the laws of the State of Oklahoma, in which the incident occurred, drivers are required to "devote their full time and attention" to driving. Okla. Stat. Ann. tit. 47, § 11-901b (West). At a minimum, by leaning out the window of his vehicle with his cellphone, the appellant violated this driving requirement. Further, the appellant and his coworker had a history of disagreements dating back to earlier in the year, giving further context to what might otherwise be simply childish or joking behavior. IAF, Tab 5 at 77, 80, 99-100. Thus, we agree with the administrative judge that the conduct was unbecoming. ID at 11.

¶12     To the extent the appellant argues that the administrative judge should not have determined that the agency proved he engaged in the underlying conduct, we

disagree. PFR File, Tab 5 at 10-12. According to the appellant's coworker, just after he drove off the agency's property and onto the street on September 19, 2017, at approximately 3:05 p.m., the appellant drove past him in the opposite direction. IAF, Tab 5 at 87, 103; HT at 82, 84-85 (testimony of the Assistant Division Manager). The coworker stated that the appellant "was holding a camera phone and taking a picture" of the coworker while driving. IAF, Tab 5 at 87. The agency presented evidence showing that on September 19, 2017, the appellant logged off his computer at 2:52 p.m., he left the building at 2:55 p.m., a vehicle belonging to his wife drove out of the facility parking lot and on to the street between 2:55 p.m. and 3:00 p.m., the vehicle reentered the parking lot at 3:07 p.m., and the appellant reentered the building at 3:09 p.m., and logged back on to his computer at 3:11 p.m. IAF, Tab 5 at 54-55, 73-74, 93-94, Tab 27 at 4-18; HT at 139-40, 150-58, 160, 165-66 (testimony of the Special Agent).

¶13    The appellant raises several unconvincing arguments on review challenging this evidence of his movements. For example, he claims that the video only showed his wife's vehicle leaving and returning to the parking lot, but not that he was driving the vehicle. PFR File, Tab 5 at 10. While the photographic stills of videotapes in the record do not contain a clear image of the driver, they do contain clear images of the appellant exiting and entering the building immediately before and after the vehicle left and then returned to agency premises. HT at 87-88 (testimony of the Assistant Division Manager); IAF, Tab 27 at 4-18.

¶14    The appellant also argues that he did not sign off his computer at 2:52 p.m., but rather he was automatically logged off due to 10 minutes of inactivity. PFR File, Tab 5 at 11. The administrative judge considered this argument below but did not credit the appellant's testimony that he did not log off of his computer. ID at 9-11. Further, the computer logs show that the appellant had

been using his computer within 10 minutes of logging off at 2:52 p.m. IAF, Tab 5 at 94. Therefore, we discern no reason to disturb this finding.

¶15     The appellant also argues that, in finding him not credible, the administrative judge placed too much weight on his inconsistent statements regarding whether he took his mother to the hospital before reporting for work on the day in question. PFR File, Tab 5 at 9-10. The Board will defer to the credibility determinations of an administrative judge when, as here, they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011). The credibility determinations of an administrative judge are virtually unreviewable on appeal. *Id.* Indeed, the Board may overturn such determinations only when it has sufficiently sound reasons for doing so, such as when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008).

¶16     We discern nothing improper in the administrative judge's credibility determinations. A witness's prior inconsistent statements are a factor to be considered in assessing credibility. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). When the appellant's supervisor asked him about his coworker's allegations, the appellant volunteered that he took his mother home from a hospital earlier in the day, after which he arrived at work at 1:00 p.m. IAF, Tab 5 at 85, 89. The administrative judge observed that the appellant provided inconsistent statements to his supervisor regarding what occurred after reporting for work at 1:00 p.m. ID at 7-9. The appellant initially denied leaving the facility after 1:00 p.m., but when advised of the video and computer evidence of his activities, he said he did not know where he went. ID at 9-10; IAF, Tab 5 at 70-71, 85, 89. The administrative judge concluded that the appellant's testimony denying that he passed his coworker on the street at 3:05 p.m. was not credible. ID at 11.

¶17     The administrative judge also observed that the appellant stated during his testimony that he never told his supervisor that he had picked his mother up at the hospital prior to reporting to work, despite statements in the record reflecting that the appellant had provided this information to his supervisor.  ID at 9-10; IAF, Tab 5 at 85, 89; RAF, Tab 3-1, Hearing Audio, Day 3 at 2:37:48 (testimony of the appellant).[5]  She found these inconsistent statements also made the appellant's testimony less credible.  ID at 10-11.  Although these statements concerned what occurred earlier in the day, we find no error in the administrative judge considering them as part of her overall credibility determination.

¶18     The appellant also argues on review that the administrative judge erred in relying on the testimony of individuals who did not observe the alleged incident of September 19, 2017.  PFR File, Tab 5 at 10.  The appellant's coworker did not testify at the hearing.[6]  In finding the agency proved its charge, the administrative judge cited the testimony of individuals to whom the appellant's coworker reported the incident.  ID at 4-5, 7.  The record also contains a statement from the appellant's coworker describing what occurred and a summary of the coworker's statements to the appellant's supervisor and another management official about the incident.  IAF, Tab 5 at 87, 89, 103.  It is well settled that hearsay evidence is admissible in administrative proceedings, and that it remains for the trier of fact to weigh the probative value of the hearsay evidence in the circumstances of the case.  *Hipolito v. Department of the Navy*, 11 M.S.P.R. 157, 158 (1982).  Here, because the administrative judge appropriately weighed the evidence in making her findings, the appellant's argument that the agency did not provide a first-hand account of the incident is unavailing.

---

[5] The record contains transcripts covering only a portion of the hearing.  When a transcript is available, we have cited to the transcript.  Otherwise, we have cited to the compact disc of the hearing record.

[6] Neither the agency nor the appellant sought to call the coworker as a witness.  IAF, Tab 29 at 3-4.

¶19     The appellant submits documents he provides for the first time on review purporting to show that his coworker was not credible because he subsequently resigned in lieu of disciplinary action. PFR File, Tab 5 at 11 & n.17, 21-34. Under 5 C.F.R. § 1201.115(d), the Board may grant a petition for review based on a showing that new and material evidence is available. However, evidence offered merely to impeach a witness's credibility is not generally considered new and material. *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989). We discern no basis to depart from this general rule and decline to consider the appellant's new evidence.

¶20     Finally, to the extent that the appellant argues the agency failed to prove its case due to the lack of "physical evidence," we disagree. PFR File, Tab 5 at 11. While it is not entirely clear how the appellant is defining physical evidence, arguably the still photographs of videotapes submitted by the agency below qualify as such evidence. IAF, Tab 5 at 54 55, Tab 27 at 4-18. In any event, when there is no significant contrary proof, circumstantial evidence can constitute proof of the charge by preponderant evidence. *Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 20 (2007), *aff'd per curiam*, 301 F. App'x 932 (Fed. Cir 2008). Because the administrative judge did not find the appellant's testimony credible, the agency's evidence of the appellant's conduct is not refuted by significant contrary proof. Therefore, the administrative judge did not err in finding the agency met its burden.

> *The administrative judge properly found that the agency proved the charge of providing inaccurate information.*

¶21     The administrative judge found that the agency proved its charge of providing inaccurate information. ID at 11-12. The appellant does not dispute this finding on review, and we discern no basis to disturb it.

¶22     The appellant told his supervisor he did not leave the facility on September 19, 2017, between the time he reported to work at 1:00 p.m. and the time he left for the day at 4:30 p.m. IAF, Tab 5 at 85, 89. He subsequently denied

knowing where he was at the time of the incident. *Id.* at 70. His time and attendance information reflected that he was working during the incident. *Id.* at 96-97. Finally, he filed a complaint with the agency asserting that his coworker's claims against him were false. *Id.* at 100. The agency charged that these statements were inaccurate. *Id.* at 62-63.

¶23    Because we agree with the administrative judge that the agency proved its charge of conduct unbecoming, we similarly agree that the agency proved that these statements denying the underlying conduct were inaccurate. When an underlying misconduct charge has been proven, a subsequent charge based on misrepresentation or inaccurate information must also be sustained based on the appellant's failure to respond truthfully or completely when questioned about matters relating to the proven misconduct. *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 20 (2009) (citing *Boyd v. Department of Justice*, 14 M.S.P.R. 427, 428-30 (1983), for this principle in connection with a lack of candor charge).

We modify the administrative judge's analysis of the appellant's whistleblower reprisal claim, still finding that he failed to prove his prima facie case.

¶24    In an adverse action appeal, such as this, an appellant's claim of whistleblower reprisal is treated as an affirmative defense. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 21 (2014). Once the agency proves its charge or charges, the appellant must show by preponderant evidence that he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action. *Id.* A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); *Shannon*, 121 M.S.P.R. 221, ¶ 22. The administrative judge addressed the appellant's whistleblower reprisal claim but did not

specifically find whether the appellant made a protected disclosure. ID at 13-14. We modify the initial decision to supplement the administrative judge's analysis.

¶25     The appellant provided various email exchanges and documents referencing safety issues at the FAA facility dating back to 2014, including the presence of heavy metals in the workplace, blood testing employees for exposure, and various safety concerns with sandblasters and redoing the paint shop. IAF, Tab 23 at 24-36. However, none of these documents reflect that the appellant raised these safety concerns or otherwise brought them to management's attention; rather, they appear to be ongoing discussions among FAA employees as to how to address and rectify the safety concerns. As such, these emails and documents fail to demonstrate that the appellant made or raised any protected disclosures. Moreover, although it was alleged that the appellant would, as part of his job, occasionally bring safety issues to management's attention, the appellant has failed to identify any of the specifics of these alleged disclosures sufficient to render them protected. HT at 118 (testimony of Assistant Division Manager), 278-79 (testimony of the deciding official); *see Sazinski v. Department of Housing and Urban Development*, 73 M.S.P.R. 682, 686 (1997) (explaining that revelation of a negligible, remote, or ill-defined peril that does not involve any particular person, place, or thing, is not protected).

¶26     The appellant also filed a hotline complaint with the FAA Office of Audit and Evaluation alleging that the agency transferred contaminated parts containing dangerous metals to a private vendor, and that his supervisor told him, against Federal rules, not to inform the vendor that the parts were contaminated. IAF, Tab 35 at 102-03. As a result of this complaint, the agency took what it described as "protective measures" to advise the vendor of the contamination. *Id.* at 102. We find that this hotline complaint amounts to a disclosure that the appellant reasonably believed evidenced a violation of a rule or regulation under

5 U.S.C. § 2302(b)(8)(A)(i).[7]  Thus, the appellant proved that it was protected. *See Grubb v. Department of the Interior*, 96 M.S.P.R. 377, ¶¶ 27-28 (2004) (holding that an employee's complaint that agency management violated the law was a protected disclosure).

¶27     Although we find that the appellant made a protected disclosure, we also find that the disclosure in question could not have been a contributing factor in the decision to demote and suspend him.  The appellant filed his hotline complaint on December 6, 2017.  IAF, Tab 35 at 103.  The FAA Office of Investigations received the complaint from the Hotline Information System on January 10, 2018, and contacted a manager in the appellant's supervisory chain[8] the following day.  *Id.* at 102.  Thus, the earliest anyone involved in the decision to demote and suspend the appellant could have been aware of the hotline disclosure was January 11, 2018, a week after the deciding official issued the decision letter.  IAF, Tab 5 at 41.  Even if we assume that the deciding official knew of the appellant's hotline disclosure as of January 11, 2018, that disclosure could not have been a contributing factor in his decision to demote and suspend the appellant, which the appellant received on January 4, 2018.  *See Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 9 (2015) (holding that if a personnel action had been completed and was only waiting to go into effect when the deciding official learned about a disclosure, the disclosure could not have been a contributing factor in that personnel action).  We therefore find that the appellant has failed to establish a prima facie case of whistleblower reprisal.

¶28     The Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case. 5 U.S.C. § 1221(e)(2); *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R.

---

[7] Because we find that the appellant made a protected disclosure under section 2302(b)(8), we need not address whether his complaint also amounts to protected activity under section 2302(b)(9)(C).

[8] The manager contacted by the Office of Investigations appears to be the appellant's fourth-level supervisor.  HT at 9, 15-16 (testimony of the Division Manager).

154, ¶ 19 n.10 (2014), *aff'd per curiam*, 623 F. App'x 1016 (Fed. Cir. 2015).[9] Because the administrative judge here found that the appellant failed to establish a prima facie case of whistleblower reprisal, it was inappropriate for her to proceed to the clear and convincing evidence test. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016). Accordingly, we vacate her finding that the agency proved by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's whistleblowing.

¶29 The appellant provides new evidence on review, which he argues demonstrates that the agency does not take similar actions against nonwhistleblowers. PFR, Tab 5 at 14, 18-19. The appellant's new evidence on review may be relevant to determining whether the agency proved its affirmative defense. *See Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 36 (2011) (identifying a relevant factor in determining whether an agency met its burden as evidence that it took similar actions against similarly situated nonwhistleblowers). As discussed above, we are vacating the administrative judge's findings that the agency did so. Therefore, this evidence is not material to the outcome of the appeal and does not state a basis for granting review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).[10]

---

[9] Although the U.S. Court of Appeals for the Seventh Circuit has disagreed with the Board's decision in *Clarke*, it has done so on different grounds. *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 923-25 (7th Cir.), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2018). Thus, its disagreement does not implicate the basis for which we cite *Clarke* here.

[10] The administrative judge found that the appellant failed to prove that the agency's actions were motivated by his disability. ID at 14-15. She further found that the appellant failed to meet his burden of proof that the agency failed to accommodate his disability. ID at 16-17. The appellant does not challenge these finding on review, and we decline to disturb them except as follows regarding the appellant's claim of status-based disability discrimination. As to that affirmative defense, because the administrative judge found the appellant failed to meet his burden of proof, we need not

<u>We discern no basis to disturb the administrative judge's findings that the agency proved nexus and sustained the penalty.</u>

¶30      In addition to proving its charges by a preponderance of the evidence, in an adverse action appeal, an agency generally must establish a nexus between the action and the efficiency of the service, and establish that the penalty imposed is within the tolerable bounds of reasonableness.  *Hall*, 117 M.S.P.R. 687, ¶ 6. The administrative judge determined that the agency established a nexus and the reasonableness of its penalty.  ID at 17-19.  The appellant does not dispute these findings on review, and we decline to disturb them.

### NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of

---

reach her alternative finding that "the agency's proffered reason for the [appellant's removal] was the real reason."  If an appellant fails to show that any prohibited consideration was a motivating factor in the agency's action, he necessarily fails to prove that discrimination was a "but-for" cause of the agency's decision. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31 (concluding that an appellant who failed to show that his sex was a motivating factor in the agency's action necessarily failed to meet the more stringent "but-for" causation standard); *see also Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 40, 42 (explaining that the level of relief to which an appellant is entitled in connection with a disparate treatment disability discrimination claim varies depending on whether she proves discrimination was a motivating factor in, or a "but-for" cause of, the agency's action).

Further, an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).  Therefore, to the extent that the administrative judge relied on the Board's decisions in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen*, 2022 MSPB 31, ¶¶ 23-25, and *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24, we find that the subsequent changes in the Board's case law do not impact her determination that the appellant failed to prove his disability was a motivating factor in the agency's action.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[12]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.